## SUCCESSION OF GRAY.

Though a bill of exceptions have been taken to the exclusion of testimony, if the testimony be not appended to the bill nor brought up with the the record, and the bill sets forth no fact sworn to by the witness, nor shows in what respect the testimony was important, the court, being unable to determine if the testimony was material, will not remand the cause. C. P. 488.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Greiner* and *Durell*, for the appellant. *R. Hunt*, contrâ. The judgment of the court was pronounced by

KING, J. The curator of the succession of *James Gray* caused an inventory of certain effects to be made as belonging to the succession of the deceased. He then took a rule in which he suggested that *John Gray* and *Edward Gray*, the father and brother of the deceased, claimed an interest in a part of the property thus inventoried, and called on them to show cause why the whole property should not be sold, and the proceeds divided between them and the succession, according to their respective rights. *John Gray*, the father, disclaimed any interest in the property or succession. *Edward Gray* claimed to be the owner of the entire property inventoried, and opposed the sale. His claim was sustained by the district judge, and the curator has appealed.

We think that the curator has failed to show that any part of the property inventoried belonged to the deceased, and that the district judge did not err in decreeing it to *Edward Gray*. The property was not in possession of *James Gray* at the time of his death, but in that of *Edward Gray*. The question presented is exclusively one of fact, depending upon the weight of evidence, which we think greatly preponderates in favor of the appellee.

Our attention has been called to a bill of exceptions, taken by the curator on the trial of the cause. It appears that a witness was sworn, who, during the early part of his examination, stated that he was a creditor of the succession. This disclosure was known to the counsel for the defendant in the rule, who permitted the examination to proceed without objection. At the close of the examination the fact was repeated by the witness, whereupon the counsel for the defendant objected to his testimony on the ground of interest; and, on his motion, it was stricken out by the judge.

We are urged to remand the cause for the purpose of enabling the curator to avail himself of this evidence. The testimony of the witness, though reduced to writing by the clerk, was not appended to the bill of exceptions, and has not been brought up with the record. The bill of exceptions sets forth no fact sworn to by the witness, nor does it inform us in what respect the testimony was important. We are thus left without the means of determining whether the evidence be material, and such as should have influenced the decision of the cause, and are unable to afford the relief asked for. 6 La. 471. 3 La. 298. C. P. art. 488.  *Judgment affirmed.*